1 ANDRE BIROTTE JR.
United States Attorney
2 ANTOINE F. RAPHAEL
Assistant United States Attorney
3 Chief, Riverside Branch Office
JERRY C. YANG
4 Assistant United States Attorney
California Bar Number 241323
5 Riverside Branch Office
    3403 Tenth Street, Suite 200
6   Riverside, California 92501
    Telephone: (951) 276-6221
7   Facsimile: (951) 276-6202
    E-mail: jerry.yang@usdoj.gov
8
Attorneys for Plaintiff
9 UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,    ED CR13-00034 VAP

13              Plaintiff,       ) ED CR No. 13-
                                 )
14         v.                    ) PLEA AGREEMENT FOR DEFENDANT
                                 ) MIGUEL ALEXANDER FRANCO LARA
15 MIGUEL ALEXANDER FRANCO       )
   LARA,                         )
16                               )
                                 )
17              Defendant.       )
                                 )

18

19      1.   This constitutes the plea agreement between MIGUEL

20 ALEXANDER FRANCO LARA ("defendant") and the United States

21 Attorney's Office for the Central District of California ("the

22 USAO") in the above-captioned case.  This agreement is limited to

23 the USAO and cannot bind any other federal, state, local, or

24 foreign prosecuting, enforcement, administrative, or regulatory

25 authorities.

26                    DEFENDANT'S OBLIGATIONS

27      2.   Defendant agrees to:

28         a) Give up the right to indictment by a grand jury and,

at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with violating 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h) Agree to and not oppose the imposition of the following conditions of supervised release:

1. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.  The defendant shall provide

2

proof of registration to the Probation Officer within 14 days of placement on supervised release;

2. The defendant participates in a psychological counseling or psychiatric treatment or a sex offender treatment program, as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program. The Probation Officer shall disclose the presentence report or any previous mental health evaluations or reports to the treatment provider;

3. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment, as directed by the Probation Officer;

4. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2). This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him from possessing materials prepared and used for the purposes of his court-mandated sex offender treatment, when the defendant's treatment provider for the probation officer has approved of his possession of the material in advance;

5. The defendant shall not possess any materials,

including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8). This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him from possessing materials prepared and used for the purposes of his court-mandated sex offender treatment, when the defendant's treatment provider for the probation officer has approved of his possession of the material in advance;

6. The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior approval of the Probation Officer;

7. The defendant shall not contact the victims or witnesses, by any means, including in person, by mail or electronic means, or via third parties. Further, the defendant shall remain at least 100 yards from victim C.V. (described in paragraph 11, below) and her immediate family at all times. If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer.

8. The defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18;

9. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: a) in the presence of the

1  parent or legal guardian of said minor; and b) on the condition
2  that the defendant notify said parent or legal guardian of his
3  conviction in the instant offense/prior offense.  This provision
4  does not encompass persons under the age of 18, such as waiters,
5  cashiers, ticket vendors, etc., with whom the defendant must deal
6  with in order to obtain ordinary and usual commercial services;

7         10. The defendant shall not affiliate with, own,
8  control, volunteer and/or be employed in any capacity by a
9  business and or organization that causes him to regularly contact
10 persons under the age of 18;

11        11. The defendant shall not affiliate with, own,
12 control, and/or be employed in any capacity by a business whose
13 principal product is the production and/or selling of materials
14 depicting and/or describing "sexually explicit conduct," as
15 defined at 18 U.S.C. § 2256(2);

16        12. The defendant's employment shall be approved
17 by the Probation Officer, and any change in employment must be
18 pre-approved by the Probation Officer.  The defendant shall
19 submit the name and address of the proposed employer to the
20 Probation Officer at least 10 days prior to any scheduled change;

21        13. The defendant shall submit his person, and any
22 property, house, residence, vehicle, papers, computer, other
23 electronic communication or data storage devices or media, and
24 his effects to search at any time, with or without a warrant, by
25 any law enforcement or Probation Officer with reasonable
26 suspicion concerning a violation of a condition of supervised
27 release or unlawful conduct by the defendant, and by any
28 Probation Officer in the lawful discharge of the officer's

1  supervision functions;

2      14. The defendant shall possess and use only those
3  computers and computer-related devices, screen user names,
4  passwords, email accounts, and internet service providers (ISPs),
5  which have been disclosed to the Probation Officer upon
6  commencement of supervision.  Any changes or additions are to be
7  disclosed to the Probation Officer prior to the first use.
8  Computers and computer-related devices are personal computers,
9  personal data assistants (PDAs), internet appliances, electronic
10  games, cellular telephones, and digital storage media, as well as
11  their peripheral equipment, that can access, or can be modified
12  to access, the internet, electronic bulletin boards, and other
13  computers;

14      15. All computers, computer-related devices, and
15  their peripheral equipment, used by the defendant shall be
16  subject to search and seizure by the Probation Officer.  This
17  shall not apply to items used at the employment's site, which are
18  maintained and monitored by the employer; and

19      16. The defendant shall comply with the rules and
20  regulations of the Computer Monitoring Program.  The defendant
21  shall pay the cost of the Computer Monitoring Program, in an
22  amount not to exceed $32 per month per device connected to the
23  internet.

24      3.  Defendant further agrees:

25      a) Defendant's Apple iPhone 4 cellular phone (serial
26  number 81111CKJA4T) and Samsung model number SGH-T989 cellular
27  phone, currently in the possession of law enforcement officials,
28  were used to commit defendant's criminal activity in violation of

1   18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

2          b) To the Court's entry of an order of forfeiture at or
3   before sentencing with respect to these assets and to the
4   forfeiture of the assets.

5          c) To take whatever steps are necessary to pass to the
6   United States clear title to the assets described above,
7   including, without limitation, the execution of a consent decree
8   of forfeiture and the completing of any other legal documents
9   required for the transfer of title to the United States.

10         d) Not to contest any administrative forfeiture
11   proceedings or civil judicial proceedings commenced against these
12   properties. With respect to any criminal forfeiture ordered as a
13   result of this plea agreement, defendant waives the requirements
14   of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding
15   notice of the forfeiture in the charging instrument,
16   announcements of the forfeiture sentencing, and incorporation of
17   the forfeiture in the judgment. Defendant acknowledges that
18   forfeiture of the assets is part of the sentence that may be
19   imposed in this case and waives any failure by the Court to
20   advise defendant of this, pursuant to Federal Rule of Criminal
21   Procedure 11(b)(1)(J), at the time the Court accepts defendant's
22   guilty plea.

23         e) Not to assist any other individual in any effort
24   falsely to contest the forfeiture of the assets described above.

25         f) Not to claim that reasonable cause to seize the
26   assets was lacking.

27         g) To prevent the transfer, sale, destruction, or loss
28   of any and all assets described above to the extent defendant has

1 the ability to do so.

2        h) To fill out and deliver to the USAO a completed
3 financial statement listing defendant's assets on a form provided
4 by the USAO.

5        i) That forfeiture of assets described above shall not
6 be counted toward satisfaction of any special assessment, fine,
7 restitution, costs, or other penalty the Court may impose.

8                    THE USAO'S OBLIGATIONS

9    4.   The USAO agrees to:

10       a) Not contest facts agreed to in this agreement.

11       b) Abide by all agreements regarding sentencing
12 contained in this agreement.

13       c) At the time of sentencing, provided that defendant
14 demonstrates an acceptance of responsibility for the offense up
15 to and including the time of sentencing, recommend a two-level
16 reduction in the applicable Sentencing Guidelines offense level,
17 pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,
18 move for an additional one-level reduction if available under
19 that section.

20       d) Except for criminal tax violations (including
21 conspiracy to commit such violations chargeable under 18 U.S.C.
22 § 371), not further criminally prosecute defendant for violations
23 of 18 U.S.C. § 2423(b), 18 U.S.C. § 2422, 18 U.S.C. § 2251, and
24 18 U.S.C. § 2252A, or other similar offenses, arising out of
25 defendant's conduct described in the agreed-to factual basis set
26 forth in paragraph 11 below, and defendant's child pornography
27 seized pursuant to this investigation.  Defendant understands
28 that the USAO is free to criminally prosecute defendant for any

                              8

1  other unlawful past conduct or any unlawful conduct that occurs
2  after the date of this agreement.  Defendant agrees that at the
3  time of sentencing the Court may consider the uncharged conduct
4  in determining the applicable Sentencing Guidelines range, the
5  propriety and extent of any departure from that range, and the
6  sentence to be imposed after consideration of the Sentencing
7  Guidelines and all other relevant factors under 18 U.S.C. §
8  3553(a).

9      e) Recommend that defendant be sentenced to a term of
10  imprisonment no higher than 30 months.

11                          NATURE OF THE OFFENSE

12      5.  Defendant understands that for defendant to be guilty of
13  the crimes charged in the information, which charges violations
14  of Title 18 United States Code Section 2252A(a)(5)(B) (possession
15  of child pornography), the following must be true:

16      a.  Defendant knowingly possessed matters which the
17          defendant knew contained visual depictions of minors
18          engaged in sexually explicit conduct;

19      b.  Defendant knew each visual depiction contained in the
20          matters showed minors engaged in sexually explicit
21          conduct;

22      c.  Defendant knew that production of such visual
23          depictions involved use of a minor in sexually explicit
24          conduct; and

25      d.  Each visual depiction had been either (a)
26          mailed/shipped/transported in interstate or foreign
27          commerce by computer, or (b) produced using material
28          that had been mailed/shipped/transported in interstate

or foreign commerce by computer or other means.
Defendant admits that defendant is, in fact, guilty of this
offense as described in count one of the information.

### PENALTIES

6.   Defendant understands that the statutory maximum
sentence that the Court can impose for a violation of 18 U.S.C. §
2252A(a)(5)(B) (possession of child pornography), is: 10 years
imprisonment; a lifetime-year period of supervised release; a
fine of $250,000 or twice the gross gain or gross loss resulting
from the offense, whichever is greatest; and a mandatory special
assessment of $100.

7.   Defendant understands that supervised release is a
period of time following imprisonment during which defendant will
be subject to various restrictions and requirements.   Defendant
understands that if defendant violates one or more of the
conditions of any supervised release imposed, defendant may be
returned to prison for all or part of the term of supervised
release authorized by statute for the offense that resulted in
the term of supervised release, which could result in defendant
serving a total term of imprisonment greater than the statutory
maximum stated above.

8.   Defendant understands that, by pleading guilty,
defendant may be giving up valuable government benefits and
valuable civic rights, such as the right to vote, the right to
possess a firearm, the right to hold office, and the right to
serve on a jury.   Defendant understands that once the court
accepts defendant's guilty plea, it will be a federal felony for
defendant to possess a firearm or ammunition.   Defendant

1 │ understands that the conviction in this case may also subject
2 │ defendant to various other collateral consequences, including but
3 │ not limited to revocation of probation, parole, or supervised
4 │ release in another case and suspension or revocation of a
5 │ professional license.  Defendant understands that unanticipated
6 │ collateral consequences will not serve as grounds to withdraw
7 │ defendant's guilty plea.

8 │     9.   Defendant understands that, if defendant is not a
9 │ United States citizen, the felony conviction in this case may
10 │ subject defendant to: removal, also known as deportation, which
11 │ may, under some circumstances, be mandatory; denial of
12 │ citizenship; and denial of admission to the United States in the
13 │ future.  The Court cannot, and defendant's attorney also may not
14 │ be able to, advise defendant fully regarding the immigration
15 │ consequences of the felony conviction in this case.  Defendant
16 │ understands that unexpected immigration consequences will not
17 │ serve as grounds to withdraw defendant's guilty plea.

18 │ FACTUAL BASIS

19 │     10.   Defendant admits that defendant is, in fact, guilty of
20 │ the offenses to which defendant is agreeing to plead guilty.
21 │ Defendant and the USAO agree to the statement of facts provided
22 │ below and agree that this statement of facts is sufficient to
23 │ support a plea of guilty to the charge described in this
24 │ agreement and to establish the Sentencing Guidelines factors set
25 │ forth in paragraph 13 below but is not meant to be a complete
26 │ recitation of all facts relevant to the underlying criminal
27 │ conduct or all facts known to either party that relate to that
28 │ conduct.

11

Sometime in 2012, defendant began a romantic relationship with a-then 15 year old female child victim ("C.V.") in Las Vegas, Nevada.  Over time, this relationship included exchanging explicit nude photographs of each other and exchanging graphic text messages discussing sex.  It also eventually included defendant having sexual intercourse with C.V. on at least two separate instances.  In January 2013, in an effort to terminate the relationship between C.V. and defendant, C.V.'s parents moved C.V. down to Ontario to live with her uncle.  These efforts failed as defendant continued to maintain a relationship with C.V.

On or about the night of March 27-28, 2013, defendant traveled from Las Vegas, Nevada to Ontario, California to meet C.V., whom he knew was then 16 years old, with the intent to have sexual intercourse with C.V.  He purchased champagne with the intent to give it to C.V. to consume.  On that same day, defendant knowingly possessed approximately five images of child pornography of C.V.  These images depicted C.V.'s vagina and anus.  Defendant possessed these images on his Samsung model number SGH-T989 cellular phone.  These child pornography images had been sent to him by C.V. via text messages.

At the time defendant possessed the child pornography, defendant knew that the images depicted a minor engaged in sexually explicit conduct.  Moreover, each of the images that defendant possessed had been mailed, or shipped or transported in interstate or foreign commerce by computer.

///

1

## SENTENCING FACTORS

2          12.    Defendant understands that in determining defendant's
3   sentence the Court is required to calculate the applicable
4   Sentencing Guidelines range and to consider that range, possible
5   departures under the Sentencing Guidelines, and the other
6   sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant
7   understands that the Sentencing Guidelines are advisory only,
8   that defendant cannot have any expectation of receiving a
9   sentence within the calculated Sentencing Guidelines range, and
10  that after considering the Sentencing Guidelines and the other
11  § 3553(a) factors, the Court will be free to exercise its
12  discretion to impose any sentence it finds appropriate up to the
13  maximum set by statute for the crime of conviction.

14          13.    Defendant and the USAO agree to the following
15  applicable Sentencing Guidelines factors:

16          Base Offense Level  :    18    [U.S.S.G. § 2G2.2(a)(1)]

17          Specific Offense
            Characteristic-
18          Sexual Abuse of
            a Minor             :    +5    [U.S.S.G. § 2G2.2(b)(5)]
19
            Specific Offense
20          Characteristic-
            Use of a Computer   :    +2    [U.S.S.G. § 2G2.2(b)(6)]
21

22  The USAO believes that a sentence of 30 months imprisonment is
23  appropriate given the factors set forth in 18 U.S.C. § 3553(a).
24  Defendant and the USAO reserve the right to argue that additional
25  specific offense characteristics, adjustments, and departures
26  under the Sentencing Guidelines are appropriate.  Defendant
27  understands that defendant's offense level could be increased if
28  defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.

13

1 | If defendant's offense level is so altered, defendant and the
2 | USAO will not be bound by the agreement to Sentencing Guideline
3 | factors set forth above.

4 |     14.  Defendant understands that there is no agreement as to
5 | defendant's criminal history or criminal history category.

6 |     15.  Defendant and the USAO reserve the right to argue for a
7 | sentence outside the sentencing range established by the
8 | Sentencing Guidelines based on the factors set forth in 18 U.S.C.
9 | § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

10 | WAIVER OF CONSTITUTIONAL RIGHTS

11 |     16.  Defendant understands that by pleading guilty,
12 | defendant gives up the following rights:

13 |     a) The right to persist in a plea of not guilty.

14 |     b) The right to a speedy and public trial by jury.

15 |     c) The right to be represented by counsel – and if
16 | necessary have the court appoint counsel - at trial.  Defendant
17 | understands, however, that, defendant retains the right to be
18 | represented by counsel – and if necessary have the court appoint
19 | counsel - at every other stage of the proceeding.

20 |     d) The right to be presumed innocent and to have the
21 | burden of proof placed on the government to prove defendant
22 | guilty beyond a reasonable doubt.

23 |     e) The right to confront and cross-examine witnesses
24 | against defendant.

25 |     f) The right to testify and to present evidence in
26 | opposition to the charges, including the right to compel the
27 | attendance of witnesses to testify.

28 |

14

1    g) The right not to be compelled to testify, and, if
2  defendant chose not to testify or present evidence, to have that
3  choice not be used against defendant.

4    h) Any and all rights to pursue any affirmative
5  defenses, Fourth Amendment or Fifth Amendment claims, and other
6  pretrial motions that have been filed or could be filed.

7    i) Understanding that the government has in its
8  possession digital devices and/or digital media seized from
9  defendant, defendant waives any right to the return of digital
10  data contained on those digital devices and/or digital media and
11  agrees that if any of these digital devices and/or digital media
12  are returned to defendant, the government may delete all digital
13  data from those digital devices and/or digital media before they
14  are returned to defendant.

15                   WAIVER OF APPEAL OF CONVICTION

16    17.  Defendant understands that, with the exception of an
17  appeal based on a claim that defendant's guilty plea was
18  involuntary, by pleading guilty defendant is waiving and giving
19  up any right to appeal defendant's conviction on the offenses to
20  which defendant is pleading guilty.

21              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22    18.  Defendant agrees that, provided the Court imposes a
23  term of imprisonment of no more than 57 months of imprisonment,
24  defendant gives up the right to appeal all of the following: (a)
25  the procedures and calculations used to determine and impose any
26  portion of the sentence; (b) the term of imprisonment imposed by
27  the Court; (c) the fines imposed by the court, provided it is
28  within the statutory maximum; (d) the term of probation or

                                  15

1  supervised release imposed by the Court, provided it is within
2  the statutory maximum; and (e) any of the following conditions of
3  probation or supervised release imposed by the Court: the
4  standard conditions set forth in General Orders 318, 01-05,
5  and/or 05-02 of this Court; the drug testing conditions mandated
6  by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and any conditions of
7  probation or supervised release agreed to by defendant in
8  paragraph 2 above.

9      19.  Defendant also gives up any right to bring a post-
10 conviction collateral attack on the conviction or sentence,
11 except a post-conviction collateral attack based on a claim of
12 ineffective assistance of counsel, a claim of newly discovered
13 evidence, or an explicitly retroactive change in the applicable
14 Sentencing Guidelines, sentencing statutes, or statutes of
15 conviction.

16     20.  The USAO agrees that, provided the sentence is at or
17 below the statutory maximum specified above, the USAO gives up
18 its right to appeal any portion of the sentence.

19                RESULT OF WITHDRAWAL OF GUILTY PLEA

20     21.  Defendant agrees that if, after entering guilty plea
21 pursuant to this agreement, defendant seeks to withdraw and
22 succeeds in withdrawing defendant's guilty plea(s) on any basis
23 other than a claim and finding that entry into this plea
24 agreement was involuntary, then (a) the USAO will be relieved of
25 all of its obligations under this agreement; and (b) should the
26 USAO choose to pursue any charge that was either dismissed or not
27 filed as a result of this agreement, then (i) any applicable
28 statute of limitations will be tolled between the date of

1  defendant's signing of this agreement and the filing commencing
2  any such action; and (ii) defendant waives and gives up all
3  defenses based on the statute of limitations, any claim of pre-
4  indictment delay, or any speedy trial claim with respect to any
5  such action, except to the extent that such defenses existed as
6  of the date of defendant's signing this agreement.

7                    EFFECTIVE DATE OF AGREEMENT

8       22.  This agreement is effective upon signature and
9  execution of all required certifications by defendant,
10 defendant's counsel, and an Assistant United States Attorney.

11                    BREACH OF AGREEMENT

12      23.  Defendant agrees that if defendant, at any time after
13 the signature of this agreement and execution of all required
14 certifications by defendant, defendant's counsel, and an
15 Assistant United States Attorney, knowingly violates or fails to
16 perform any of defendant's obligations under this agreement ("a
17 breach"), the USAO may declare this agreement breached.  All of
18 defendant's obligations are material, a single breach of this
19 agreement is sufficient for the USAO to declare a breach, and
20 defendant shall not be deemed to have cured a breach without the
21 express agreement of the USAO in writing.  If the USAO declares
22 this agreement breached, and the Court finds such a breach to
23 have occurred, then: (a) if defendant has previously entered a
24 guilty plea pursuant to this agreement, defendant will not be
25 able to withdraw the guilty plea, and (b) the USAO will be
26 relieved of all its obligations under this agreement.

27      24.  Following the Court's finding of a knowing breach of
28 this agreement by defendant, should the USAO choose to pursue any

                              17

charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND PROBATION OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant

information to the United States Probation Office and the Court,
(b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 11 are
consistent with the facts of this case. While this paragraph
permits both the USAO and defendant to submit full and complete
factual information to the United States Probation Office and the
Court, even if that factual information may be viewed as
inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations
not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores
any sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to
the maximum established by statute, defendant cannot, for that
reason, withdraw defendant's guilty plea, and defendant will
remain bound to fulfill all defendant's obligations under this
agreement. Defendant understands that no one -- not the
prosecutor, defendant's attorney, or the Court -- can make a
binding prediction or promise regarding the sentence defendant
will receive, except that it will be within the statutory
maximum.

## NO ADDITIONAL AGREEMENTS

28. Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the

19

1  USAO and defendant or defendant's attorney, and that no

2  additional promise, understanding, or agreement may be entered

3  into unless in a writing signed by all parties or on the record

4  in court.

5           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

6       29.  The parties agree that this agreement will be

7  considered part of the record of defendant's guilty plea hearing

8  as if the entire agreement had been read into the record of the

9  proceeding.

10  AGREED AND ACCEPTED

11  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  ANDRÉ BIROTTE JR.

13  United States Attorney

14

15  _____            4/15/13

16  JERRY C. YANG                          Date
    Assistant United States Attorney

17

18  _____            4/12/13

19  MIGUEL ALEXANDER FRANCO LARA           Date
    Defendant

20

21  _____            4/12/2013

22  FIRDAUS DORDI                          Date
    Attorney for Defendant
    MIGUEL ALEXANDER FRANCO LARA

23

24

25

26

27

28

                        20

1            CERTIFICATION OF DEFENDANT

2        I have read this agreement in its entirety.  I have had

3   enough time to review and consider this agreement, and I have

4   carefully and thoroughly discussed every part of it with my

5   attorney.  I understand the terms of this agreement, and I

6   voluntarily agree to those terms.  I have discussed the evidence

7   with my attorney, and my attorney has advised me of my rights, of

8   possible pretrial motions that might be filed, of possible

9   defenses that might be asserted either prior to or at trial, of

10   the sentencing factors set forth in 18 U.S.C. § 3553(a), of

11   relevant Sentencing Guidelines provisions, and of the

12   consequences of entering into this agreement.  No promises,

13   inducements, or representations of any kind have been made to me

14   other than those contained in this agreement.  No one has

15   threatened or forced me in any way to enter into this agreement.

16   I am satisfied with the representation of my attorney in this

17   matter, and I am pleading guilty because I am guilty of the

18   charges and wish to take advantage of the promises set forth in

19   this agreement, and not for any other reason.

20

21   _____          4/12/13
                                              _____
22   MIGUEL ALEXANDER FRANCO LARA         Date
     Defendant

23

24

25

26

27

28

                            21

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am MIGUEL ALEXANDER FRANCO LARA's attorney.  I have

3  carefully and thoroughly discussed every part of this agreement

4  with my client.  Further, I have fully advised my client of his

5  rights, of possible pretrial motions that might be filed, of

6  possible defenses that might be asserted either prior to or at

7  trial, of the sentencing factors set forth in 18 U.S.C. §

8  3553(a), of relevant Sentencing Guidelines provisions, and of the

9  consequences of entering into this agreement.  To my knowledge:

10  no promises, inducements, or representations of any kind have

11  been made to my client other than those contained in this

12  agreement; no one has threatened or forced my client in any way

13  to enter into this agreement; my client's decision to enter into

14  this agreement is an informed and voluntary one; and the factual

15  basis set forth in this agreement is sufficient to support my

16  client's entry of a guilty plea pursuant to this agreement.

17

18  _____        4/12/2013
                                            _____
19  FIRDAUS DORDI                           Date
    Attorney for Defendant
    MIGUEL ALEXANDER FRANCO LARA

20

21

22

23

24

25

26

27

28

22

## CERTIFICATE OF SERVICE

I, **REBECCA EVANS,** declare:

That I am a citizen of the United States and resident or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, CA 92501; that I am over the age of eighteen years, and am not a party to the above-entitled action; That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy:

## PLEA AGREEMENT FOR DEFENDANT MIGUEL ALEXANDER FRANCO LARA

**[ X ]** Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

**[ ]**Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

**[ ]** By hand-delivery addressed as follows:

**[ ]** By facsimile as follows:

**[ ]** By Fed Ex

**DFPD Firdaus Dordi**
**Office of the Federal Public Defender**
**321 East 2nd Street**
**Los Angeles, CA 90012**

This Certificate is executed on **April 30, 2013**, in Riverside, California.  I certify under penalty of perjury that the foregoing is true and correct.

_Rebecca Evans_

**REBECCA EVANS**