ANDRE BIROTTE JR.
United States Attorney
ANTOINE F. RAPHAEL
Assistant United States Attorney
Chief, Riverside Branch Office
JERRY C. YANG
Assistant United States Attorney
California Bar Number 241323
Riverside Branch Office
      3403 Tenth Street, Suite 200
      Riverside, California 92501
      Telephone: (951) 276-6221
      Facsimile: (951) 276-6202
      E-mail: jerry.yang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ED CR No. 13-0034-VAP |
| | ) |
| Plaintiff, | ) **GOVERNMENT'S RESPONSE TO** |
| | ) **PRESENTENCE INVESTIGATION** |
| v. | ) **REPORT FOR DEFENDANT MIGUEL** |
| | ) **ALEXANDER FRANCO LARA** |
| MIGUEL ALEXANDER FRANCO | ) |
| LARA, | ) **Sentencing** |
| | ) Date: September 9, 2013 |
| Defendant. | ) Time: 9:00 a.m. |
| | ) |
| | ) |
| | ) |

        Plaintiff United States of America, by and through its

counsel of record, Assistant United States Attorney Jerry C.

Yang, hereby files its response to the presentence investigation

report for defendant Miguel Alexander Franco Lara and its

sentencing position.  The government's response is based upon the

attached memorandum of points and authorities, the files and

records in this case, the United States Probation Office's

///

1   Presentence Investigation Report, and any other evidence or

2   argument that the Court may wish to consider at the time of

3   sentencing.

4   Dated: August 19, 2013

5                                    Respectfully submitted,

6                                    ANDRÉ BIROTTE JR.
                                     United States Attorney
7
                                     ANTOINE F. RAPHAEL
8                                    Assistant United States Attorney
                                     Chief, Riverside Branch Office
9

10                                   _____/s/_____
                                     JERRY C. YANG
11                                   Assistant United States Attorney

12                                   Attorneys for Plaintiff
                                     United States of America
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.   INTRODUCTION

3    Sometime in 2012, defendant Miguel Alexander Franco Lara

4  began a romantic relationship with a then-15 year old female

5  child victim ("C.V.") in Las Vegas, Nevada.  Plea Agreement,

6  ¶ 10.  Over time, this relationship included exchanging explicit

7  nude photographs of each other and eventually included defendant

8  having sexual intercourse with C.V. on at least two separate

9  instances.  Id.  In January 2013, in an effort to terminate the

10 relationship between C.V. and defendant, C.V.'s parents moved

11 C.V. to Ontario to live with her uncle.  Id.  These efforts

12 failed as defendant continued to maintain a romantic relationship

13 with C.V.  Id.

14    On or about the night of March 27-28, 2013, defendant drove

15 from Las Vegas, Nevada to Ontario, California to meet C.V., whom

16 he knew was then 16 years old, with the intent to have sexual

17 intercourse with C.V.  On that same day, defendant knowingly

18 possessed approximately five images of child pornography of C.V.

19 Id.  These images depicted C.V.'s vagina and anus.  Id.  On March

20 28, 2013, defendant was arrested by Ontario Police Department.

21 He was subsequently transferred to federal custody on April 1,

22 2013 and made his initial appearance in federal court that same

23 day.

24    On April 12, 2013, defendant signed a plea agreement wherein

25 he would plead guilty to an information charging him with

26 violating 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of

27 Child Pornography.  He pled guilty pursuant to this plea

28 agreement on May 14, 2013.  On July 24, 2013, the United States

1  Probation Office ("USPO") disclosed the PSR for defendant.  The

2  USPO calculated defendant's total offense level as 22 and

3  criminal history category as I for an advisory Sentencing

4  Guidelines range of 41-51 months' imprisonment.  PSR, ¶ 78.  The

5  USPO recommended a sentence of 41 months of imprisonment.

6      The government does not object to the facts set forth in the

7  PSR, nor the USPO's calculation of defendant's criminal history.

8  Based upon the factors set forth in 18 U.S.C. § 3553(a), the

9  government respectfully submits that a 30 month sentence of

10  imprisonment is appropriate.

11  **II.   <u>STATEMENT OF FACTS</u>**

12      Sometime in 2012, defendant began a romantic relationship

13  with a-then 15 year old female ("C.V.") in Las Vegas, Nevada.

14  Defendant was family friends with C.V.'s family.  Affidavit of

15  FBI SA Michael Brown ("Brown Aff."), ¶ 7(c).  According to C.V.,

16  approximately one year prior to March 24, 2013, the relationship

17  with defendant became romantic and they began having sexual

18  intercourse.  <u>Id.</u>  At some point, defendant's wife, as well as

19  C.V.'s parents discovered the relationship and attempted to end

20  the relationship by contacting the police.  Brown Aff., ¶

21  8(a)(ii).  The age in consent in Nevada, however, is 16 years

22  old.  Nev. Rev. Stat. Ann. § 200.364.

23      In January 2013, in an effort to terminate the relationship

24  between C.V. and defendant, C.V.'s parents moved C.V. to Ontario,

25  California to live with her uncle.  Brown Aff., ¶¶ 7-8.

26  Defendant, however, continued to maintain a relationship with

27  C.V.  PSR, ¶ 6.  A few weeks prior to March 28, 2013, defendant

28  went to Ontario to visit C.V. and gave her a cellular phone so

that they could communicate. Brown Aff., ¶ 8(a)(iii). C.V. also sent nude photographs of herself to defendant, including photographs of her vagina and anus. Brown Aff., ¶¶ 7(c), 8(a)(I).

On the night of March 27-28, 2013, defendant drove from Las Vegas to Ontario to meet C.V., then 16 years old, with the intent to have sexual intercourse with her. PSR, ¶ 7. He purchased champagne for C.V. and picked C.V. up and drove her to a motel room. Id. C.V.'s uncle observed defendant pick C.V. up and drive her to a motel room. Brown Aff., ¶ 7(a). C.V.'s uncle then contacted law enforcement. Id. Law enforcement went to the room and found defendant inside with C.V. Brown Aff., ¶ 7(b). Defendant possessed in his cellular phone, five child pornography images of C.V., which depicted her anus and vagina. PSR, ¶ 7.

## III. **SENTENCING GUIDELINES CALCULATIONS**

Pursuant to the written the plea agreement, the parties agreed to the following sentencing factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 18 | [U.S.S.G. § 2G2.2(a)(1)] |
| Specific Offense Characteristic- Sexual Abuse of a Minor | : | +5 | [U.S.S.G. § 2G2.2(b)(5)] |
| Specific Offense Characteristic- Use of a Computer | : | +2 | [U.S.S.G. § 2G2.2(b)(6)] |

Plea Agreement, ¶ 13. Defendant and the USAO reserved the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Id. The government does believe that, based on his interview with law enforcement during his arrest, as well as his

3

1 guilty plea, defendant is entitled to a three-level adjustment
2 for acceptance of responsibility.

3     With a criminal history category of I, as calculated in the
4 PSR, and an offense level of 22, defendant faces a Guidelines
5 sentencing range of 41-51 months' imprisonment. PSR, ¶ 78.

6 **IV.  APPROPRIATE SENTENCE**

7     The government believes that the factors set forth in 18
8 U.S.C. § 3553(a) would be fulfilled by sentence of 30 months'
9 imprisonment, a 10-year term of supervised release, and a special
10 assessment of $100.

11     **A.   18 U.S.C. § 3553(a)(1)**

12     18 U.S.C. § 3553(a)(1) requires the Court to consider the
13 nature and circumstances of the offense and the history and
14 characteristics of defendant.  The circumstances surrounding this
15 offense are both aggravating and mitigating.

16     In aggravation, defendant possessed five images of child
17 pornography of C.V.– a 16 year old minor.  More importantly, his
18 interaction with C.V. was not limited to possessing images of
19 her.  Instead, defendant engaged in a romantic and sexual
20 relationship with a minor.  PSR, ¶ 6.  This relationship included
21 exchanging nude photographs of each other, exchanging graphic
22 text messages, and also in at least two instances of sexual
23 intercourse.  Id.  Indeed, when C.V.'s family attempted to
24 intervene and stop the relationship, defendant refused to do so,
25 and the family was powerless to do anything because the age of
26 consent in Nevada is 16 years old.  PSR, ¶ 6.  See Nev. Rev.
27 Stat. Ann. § 200.364.  The family tried its best to intervene by
28 moving C.V. away from Las Vegas, Nevada to Ontario, California.

1  Undeterred, defendant again circumvented their efforts by driving
2  down on the night of March 28-29, 2013 to see C.V.  Such repeated
3  and relentless efforts to have sex with a minor is aggravating.

4      In mitigation, defendant has a minimal history with no
5  criminal history points.  Moreover, although defendant came to
6  Ontario on March 28, 2013 with the intent to engage in illicit
7  sexual intercourse with C.V., it does appear that at the time
8  defendant began having sex with C.V. in Nevada--then 16 years
9  old- such contact was legal as C.V. could legally consent there.
10  In addition, the child pornography that defendant possessed
11  depicted only C.V., and not other minor victims.

12      On balance, the government respectfully submits that a
13  sentence of 30 months' imprisonment is appropriate given the
14  nature and circumstances, as well as the personal history of
15  defendant.

16      **B. 18 U.S.C. § 3553(a)(2)**

17      18 U.S.C. § 3553(a)(2) requires the Court to consider the
18  need for the sentence to reflect the seriousness of the offense,
19  to promote respect for the law, to provide just punishment for
20  the offense, to afford adequate deterrence to criminal conduct,
21  to protect the public from further crimes of defendant, and to
22  provide defendant with needed educational or vocational training,
23  medical care, or other correctional treatment in the most
24  effective manner.

25      These factors also support the government's requested
26  sentence.  Although C.V. "consented" to have a sexual
27  relationship with the 45 year old defendant, C.V. will likely one
28  day realize that defendant took advantage of her youth and

1   inexperience and realize that she was a victim.  The Court needs

2   to impress upon defendant and other possessors of child

3   pornography and individuals interested in sexual contact with

4   minors, the seriousness of these offenses.  Therefore, weighing

5   these factors together, the government respectfully submits that

6   the recommended sentence of 30 months' imprisonment will

7   appropriately promote respect for the law and will deter future

8   criminal conduct from both defendant and others without being

9   greater punishment than necessary.

10      **C. 18 U.S.C. § 3553(a)(6)**

11      18 U.S.C. § 3553(a)(6) requires the Court to minimize

12   sentencing disparities among similarly situated defendants.

13   Here, a sentence of 30 months' imprisonment is consistent with

14   the sentences received by other similarly situated possessors of

15   child pornography, i.e. similar backgrounds and criminal

16   offenses.

17   **V.    CONCLUSION**

18      Based on the foregoing reasons, the government respectfully

19   requests that the Court impose a 30 month period of imprisonment,

20   a ten-year period of supervised release, and a special assessment

21   of $100.

22

23

24

25

26

27

28