UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Miguel Alexander Franco-Lara,<br><br>Defendant. | Case No. 5:13-cr-00034-VAP<br><br>**Order DENYING Defendant's Motion for Early Termination of Supervised Release (Doc No. 39)** |

Before the Court is Defendant Miguel Alexander Franco-Lara's ("Defendant") Motion for Early Termination of Supervised Release ("Motion") filed on October 27, 2022. ("Mot.," Doc. No. 39.) The Government filed an Opposition on November 17, 2022 ("Opp'n," Doc. No. 42) and Defendant filed a Reply on November 28, 2022 ("Reply," Doc. No. 43.) After considering all the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion.

## I.  BACKGROUND

On May 14, 2013, Defendant pleaded guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). (Doc. Nos. 20, 28.) Defendant was sentenced to a 30 month term of imprisonment followed by a ten year term of supervised release. (Doc. No. 35 at 1.) Defendant was released on January 8, 2016 (Doc. No. 38 at 1) and has since completed approximately six years of supervised release (Mot. at 3.)

To date, Defendant has complied with all of his supervised release conditions. ("Lindsey Decl.," Doc. No. 39-1, ¶ 2.) He has submitted to polygraph testing twice a year without issue, attended individual treatment sessions on a quarterly basis, and successfully completed group counseling. (*Id.*) Defendant now moves for early termination of his supervised release.

## II.   LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which "provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release . . . in order to account for new or unforeseen circumstances." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)). The Court may, "after considering the factors set forth in [§ 3553(a)], . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors the Court must consider include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). "The defendant bears the burden of showing that he is entitled to early termination." *United States v. Robins*, No. LA CR 08-01497-VBF, 2014 WL

11790802, at *2 (C.D. Cal. May 27, 2014) (citing *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

### III.  DISCUSSION

Defendant argues that he is entitled to early termination of his supervised release, in part, because "he has not had any violations during pretrial or supervised release." (Mot. at 4.)  Although the Court commends Defendant's compliance with the terms of his supervised release, his compliance alone does not provide a basis for early termination.  The Court sentenced Defendant to ten years of supervised release with the expectation that he would comply, and if compliance were sufficient reason to terminate his supervised release, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998); *see also United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) ("Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); *United States v. Weintraub*, 371 F. Supp. 2d 164, 167 (D. Conn. 2005) ("Although [Defendant's] ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required of all criminal defendants and is not a basis for early termination of his supervised release.").

Defendant additionally contends that because he is a truck driver, early termination of his supervised release "would allow him to make dedicated runs out of state and earn more money." (Mot. at 2.)  Some

3

hardship associated with supervised release is expected, however, and Defendant's desire to increase his income is insufficient to justify an early termination. Defendant also indicates a desire to have "more freedom to travel to Los Angeles and visit his elderly mother and sister without having to ask for advance permission." (*Id.*). As Defendant does not claim that the probation office has denied his requests to travel in the past, the Court presumes that the probation office will continue to approve reasonable travel requests by the Defendant. The Court does not find the minor inconvenience of seeking the probation office's approval to warrant early termination of his supervised release.

Turning to the § 3553(a) factors, the Court considered them when it sentenced Defendant, and the Court does not find "new or unforeseen circumstances" sufficient to change its original analysis. *See Miller*, 205 F.3d at 1101 (citation omitted). Defendant committed a serious crime, involving the exchange of explicit photographs and sexual intercourse with a minor. (Doc. No. 30, at 5.) Although the Sentencing Guidelines called for a term of imprisonment between 41 and 51 months and a term of supervised release from five years to life (*id.* at 3), the Court sentenced Defendant to a below guidelines term of imprisonment of 30 months followed by a within-guidelines term of supervised release of ten years. (Doc. No. 35 at 1.) The seriousness of Defendant's offense weighs against a reduction to Defendant's term of supervised release, especially when his original sentence was already below or at the low end of the guidelines.

The Court also finds the need for deterrence and the need to protect the public both weigh against terminating Defendant's supervised release. Defendant cites a United States Sentencing Commission's 2017 report titled "The Effects of Aging on Recidivism Among Federal Offenders," which contains a chart showing a 43.2% recidivism rate among those in Defendant's age range eight years after release. (*See* Mot. at 6 (citing U.S. Sentencing Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders*, 22 (2017)).) Defendant claims he is "well on his way to beating the 43.2% recidivism rate odds that he faced upon his release from custody" (Reply at 3) and notes that "[t]he love and support of his family has motivated him to remain [compliant] while he has been on supervision" (Mot. at 8.) Even so, the statistic that Defendant cites indicates a high probability of recidivism and the Court finds a continuing need to protect the public and deter Defendant from committing future offenses. Although Defendant may very well beat the statistic he cites, the Court finds that he would be better positioned to do so after serving the remaining term of his supervised release.

Finally, the need to provide Defendant with training or medical care counsels against terminating his supervised release. Defendant agrees that his treatment has helped address the "sexual proclivities that led to his commission of the instant offense." (Reply at 3.) As his treatment has been successful thus far, the Court does not find a need to end it prematurely.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion for early termination of supervised release.

**IT IS SO ORDERED.**

Dated: 1/4/23

Virginia A. Phillips
Senior United States District Judge